Edna Lewison, Mattie Giles, Cornelia Mosley and Helen Wall, Plaintiffs, *v.* Louis P. Vitti, Commissioner of Professional and Occupational Affairs, and Commonwealth of Pennsylvania, c/o Secretary of Commonwealth, Defendants.

Argued June 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Morton Krase,* for plaintiffs.

*Edward I. Steckel,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., August 1, 1975:

Presently before us are the Preliminary Objections of Defendants, Louis P. Vitti, Commissioner of Professional and Occupational Affairs, and the Commonwealth of Pennsylvania, to the Complaint of Plaintiffs, Edna Lewison, Mattie Giles, Cornelia Mosley and Helen Wall. Plaintiffs seek to have this Court issue a mandatory injunction against Defendants ordering them to issue immediately either practical or registered nurses' licenses to them authorizing them to practice within the Commonwealth.[1]

The gravamen of this complaint is that Defendants have violated a waiver provision promulgated by the Commissioner of Professional and Occupational Affairs which waived the normal licensing requirements in the issue of the respective licenses to those applicants who evidence successful completion of a course in either practical or registered nursing.[2] This waiver effectively disposes of the requirement of taking and/or passing a written examination prior to licensing.

Defendants have filed Preliminary Objections in the nature of a demurrer; a Motion for more Specific Pleading; a Motion to Strike and Nonjoinder of a necessary party. The parties contend that crucial to the determination of these objections are Section 7 of the Professional Nursing Law, Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §217, and Section 5 of the Practical Nurse Law, Act of March 2, 1956, P.L. (1955) 1211, *as amended,* 63 P.S. §655 (see slso 63 P.S. §652 Historical Note),

---

1. Edna Lewison, Mattie Giles and Cornelia Mosley seek practical nurses' license while Helen Wall seeks a registered nurse's license.

2. Plaintiffs also aver that the Commissioner's refusal to issue the licenses in these circumstances violates the equal protection.

the statutory codifications of the waiver provision in issue. Those sections state:

"Section 7:

"The Board may issue a license without examination to a graduate of a school of nursing who has completed a course of study in nursing considered by the Board to be equivalent to that required in this State at the time such course was completed, and who is registered or licensed by examination in any other state, or territory of the United States or the Dominion of Canada, and who has met all the foregoing requirements as to character, and preliminary education."

"Section 5:

"No application for licensure as a licensed practical nurse shall be considered unless accompanied by a fee of five dollars ($5.00). Every applicant for examination as a licensed practical nurse shall furnish evidence satisfactory to the Board that he or she is eighteen years of age or over, is a citizen of the United States or has legally declared intention to become such, is of good moral character, has completed at least twelve years of education with diploma in public, parochial or private school, or its equivalent as evaluated by the Department of Public Instruction; and has satisfactorily completed a course in practical nursing prescribed and approved by the board in a school, hospital or other institution, of not less than fifteen hundred hours and within a period of not less than twelve months.

"Any licensed practical nurse licensed to practice without examination prior to May 14, 1966, shall be eligible to apply for the examination conducted by the board even though such applicant does not possess the educational background or its equivalent required of other applicants for examination."[3]

---

3. Our research reveals that a determination of the merits

The initial argument propounded by Defendants in support of their Objections is that failure to plead and meet that statutory prerequisite enunciated in Section 7 of the Professional Nursing Law, and Section 5 of the Practical Nursing Law, constitute a failure to state a cause of action. We would agree with Defendants that the complaint could be more artfully drawn in that it does not state with particularity the statutory requirements which are a precondition to Plaintiffs' examination exempt license. The complaint, in summary, merely avers that "credentials" have been submitted to the Commissioner. However, on review of its totality, Plaintiffs have stated a cognizable claim for relief, if the statutory prerequisites can be shown to have been met, and so we allow the Complaint to be amended to reflect the mandated condition precedent of the statutory requirements.

Next, Defendants assert that a necessary party has not been joined. Section 7 of the Professional Nursing Law, and Section 5 of the Practical Nurse Law empowers the State Board of Nurse Examiners to license without examination applicants who meet the statutory reguirements ("board" is defined as State Board of Nurse Examiners by Section 2 of the Professional Nursing Law, 63 P.S. §212(2) and Section 2 of the Practical Nurse Law, 63 P.S. §652 (2)). Notwithstanding Section 810 of The Administrative Code, Act of June 7, 1923, P.L. 498, *as amended,* 71 P.S. §279.1 (3) which vests in the Commissioner power to *issue* the license, the Board is the review agent ordained to consider an applicant. The Commissioner obviously not having reviewed the credentials, should not rubber stamp the application and issue a license. Plaintiffs, therefore, are given leave to amend for the purpose of joining the Board in the action.

---

of this case will also involve Section 6 of the Practical Nurse Law, which is in reality the provision similar to Section 7 of the Professional Nursing Law.

591

ORDER

AND NOW, this 1st day of August, 1975, upon due consideration, it is hereby ordered that the Preliminary Objections with respect to failure to state a cause of action and joinder of a necessary party are hereby sustained and the cause is dismissed without prejudice with leave to amend the Complaint within twenty (20) days in a manner not inconsistent with the above opinion.